**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MICHAEL A. TRICARICHI, Transferee,
*Petitioner-Appellant*,

v.

COMMISSIONER OF INTERNAL
REVENUE,

*Respondent-Appellee.*

No. 16-73418

Tax Ct. No.
23630-12

OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted February 7, 2018
Pasadena, California

Filed November 13, 2018

Before: William A. Fletcher, Carlos T. Bea,[*]
and John B. Owens, Circuit Judges.

Opinion by Judge Owens

---

   [*] Judge Bea was drawn to replace Judge Reinhardt on the panel following his death. Ninth Circuit General Order 3.2h. Judge Bea has read the briefs, reviewed the record, and listened to oral argument.

## SUMMARY[**]

# Tax

The panel affirmed the Tax Court's decision on a petition challenging a notice of transferee liability to a sole shareholder regarding unpaid corporate taxes.

Taxpayer was the sole shareholder of West Side Cellular, Inc. After West Side received a $65 million litigation settlement that exposed it to significant tax liabilities, taxpayer sold his stock in West Side. After the sale, the Internal Revenue Service was unable to collect corporate taxes from West Side. The IRS then issued a notice of transferee liability to taxpayer for the unpaid taxes.

The Tax Court concluded that taxpayer is liable for the "pre-notice interest" component of West Side's tax liability, which amounted to over $13 million. The panel held that the Tax Court properly concluded that because the value of assets transferred from West Side to taxpayer was more than West Side's total federal tax liability, the federal Internal Revenue Code determines pre-notice interest (*see* 26 U.S.C. § 6601), and there is no need to consult state law regarding such interest.

In a concurrently filed memorandum disposition, the panel affirmed the Tax Court's conclusion that taxpayer is liable for West Side's unpaid taxes under 26 U.S.C. § 6901 and the Ohio Uniform Fraudulent Transfer Act.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael J. Desmond (argued), Law Offices of Michael J. Desmond APC, Santa Barbara, California, for Petitioner-Appellant.

Clint A. Carpenter (argued), Francesca Ugolini, and Gilbert S. Rothenberg, Attorneys; David A. Hubbert, Acting Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Respondent-Appellee.

**OPINION**

OWENS, Circuit Judge:

Taxpayer Michael A. Tricarichi appeals from the tax court's decision on his petition challenging a notice of transferee liability regarding West Side Cellular, Inc.'s ("West Side") unpaid taxes. We have jurisdiction under 26 U.S.C. § 7482. In this opinion, we affirm the tax court's conclusion that Tricarichi is liable for the "pre-notice interest" component of West Side's tax liability. Specifically, we hold that because Tricarichi received transferred assets worth *more* than West Side's total federal tax liability, the federal Internal Revenue Code determines pre-notice interest, and the availability of interest under state law is irrelevant.

## I. BACKGROUND

Tricarichi was the sole shareholder of West Side. In 2003, West Side received a $65 million litigation settlement that exposed it to significant tax liabilities. Tricarichi then sold his stock in West Side and received about $35.2 million

through a so-called "Midco" tax-shelter transaction. Following the sale, West Side failed to pay its corporate taxes for 2003 and the IRS was unable to collect from West Side.

In June 2012, the IRS issued a notice of transferee liability to Tricarichi, seeking to collect West Side's unpaid taxes from Tricarichi as a "transferee" of about $35.2 million of West Side's assets. Tricarichi then filed a petition in tax court, challenging the IRS's notice of transferee liability. After a bench trial, the tax court ruled in the IRS's favor, holding that Tricarichi was liable as a transferee for the full amount of West Side's 2003 tax deficiency and associated penalties and interest, totaling about $35.1 million.

In a concurrently filed memorandum disposition, we affirmed the tax court's conclusion that Tricarichi is liable for West Side's unpaid taxes under 26 U.S.C. § 6901 and the Ohio Uniform Fraudulent Transfer Act ("UFTA"). Specifically, we agreed with the tax court that, under *Commissioner v. Stern*, 357 U.S. 39 (1958), Tricarichi was a "transferee" of West Side's assets. *See Slone v. Comm'r*, 810 F.3d 599, 604–05 (9th Cir. 2015) (*Slone I*) (setting forth two-pronged *Stern* test); *see also Slone v. Comm'r*, 896 F.3d 1083, 1086 (9th Cir. 2018) (*Slone II*) (applying *Stern* test). Here, we affirm the tax court's conclusion that Tricarichi is also liable for the pre-notice interest component of West Side's tax liability.

## II.  DISCUSSION

### A.  Standard of Review

Because the parties dispute only the legal question of whether federal or state law determines pre-notice interest, we decide de novo whether Tricarichi is liable for such

interest. *See Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010).

## B. Pre-Notice Interest

The parties dispute whether Tricarichi is liable for pre-notice interest, meaning interest that accrued on West Side's 2003 tax liability between the date its tax was due to be paid (March 15, 2004) and the date the IRS issued Tricarichi a notice of transferee liability (June 25, 2012). The Commissioner argues that the federal Internal Revenue Code—specifically 26 U.S.C. § 6601—controls whether Tricarichi is liable for pre-notice interest. If the Commissioner is correct, Tricarichi owes more than $13 million in pre-notice interest.[1] In contrast, Tricarichi contends that state law (here, Ohio law) determines any liability for pre-notice interest, and that under state law, he owes $0 in pre-notice interest. The tax court agreed with the Commissioner and ordered that Tricarichi pay pre-notice interest of nearly $13.9 million.

For over half a century, tax courts have generally held that whether federal or state law determines the right to and amount of pre-notice interest depends on whether the value of assets received by the transferee exceeds the total federal

---

[1] Section 6601 provides that, generally, "[i]f any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at [the federally set rate] shall be paid for the period from such last date to the date paid." 26 U.S.C. § 6601(a). Tricarichi does not question the accuracy of the Commissioner's $13.9 million calculation if federal law applies. Tricarichi also agrees that he is liable for "post-notice interest," i.e., the interest that accrued on West Side's tax liability under § 6601 after the IRS issued the notice of transferee liability.

tax liability owed by the transferor, including statutory penalties and interest. *See, e.g.*, *Estate of Stein v. Comm'r*, 37 T.C. 945, 961 (1962); *Lowy v. Comm'r*, 35 T.C. 393, 395–97 (1960); *see also* 14A *Mertens Law of Federal Income Taxation* § 53:41 (August 2018). Where, as here, a transferee has received assets worth *more* than the transferor's total federal tax liability, pre-notice interest is determined under the federal Internal Revenue Code and there is no need to consult state law regarding interest.[2] *See Lowy*, 35 T.C. at 397. But, where a transferee has received assets worth *less* than the transferor's total federal tax liability, the IRS's recovery is limited to the value of the assets transferred, and the IRS can then look to state law to attempt to recover any interest in excess of that amount from the transferee. *See Estate of Stein*, 37 T.C. at 961.

In *Lowy*, the tax court explained the rationale for this distinction. *See* 35 T.C. at 395–97. Under the Supreme Court's decision in *Stern*, "the existence and extent of transferee liability should be determined by State law." *Id*. at 396. However, as the tax court explained, the federal Internal Revenue Code creates the right to and determines the "quantum" of the IRS's underlying claim that it is seeking to enforce against the transferee, including the statutory interest accrued upon the tax deficiency. *Id*. at 395–96. Therefore, where the assets transferred "are *more* than ample to discharge the full Federal liability of the transferor (including interest)," it is unnecessary "to look to State law for the creation of any right to interest" to satisfy the IRS's claim. *Id*. at 397 (emphasis added). On the other

---

[2] It is undisputed that Tricarichi received from West Side a transfer of assets worth *more* than West Side's total federal tax liability. He received a transfer of $35.2 million, and West Side's total tax liability was $35.1 million (including pre-notice interest of $13.9 million).

hand, "where the amount of the transferred assets is *less* than the amount of the [IRS's] claim," to make the IRS whole, under state law the IRS "may have a further right to collect interest from the transferee, based upon the wrongful use of those assets by the transferee prior to payment" of the transferor's tax liability. *Id*. at 395, 397 (emphasis added); *see also Estate of Stein*, 37 T.C. at 961 (further explaining rationale for distinction).

In our only decision related to this issue, we followed this line of tax court cases, holding that "[w]here transferee liability is found to exist but the transferred assets are insufficient to satisfy the transferor's total tax liability, a transferee's liability for interest is controlled by state law." *Edelson v. Comm'r*, 829 F.2d 828, 834 (9th Cir. 1987) (citing *Estate of Stein*, 37 T.C. at 961). However, we have not yet addressed the situation presented in *Lowy* and the instant case, where the transferee received assets worth *more* than the transferor's total federal tax liability.

The First Circuit recently followed the reasoning of *Lowy* and *Estate of Stein* to derive the "simple" rule that "[t]he IRS may recover from [the transferee] all amounts [the transferor] owes to the IRS (including section 6601 interest accruing on [the transferor's] tax debt), up to the limit of the amount transferred to [the transferee], with any recovery of prejudgment interest above the amount transferred to be determined in accord with [state] law." *Schussel v. Werfel*, 758 F.3d 82, 92–93 (1st Cir. 2014). In so holding, the First Circuit explained that "it is helpful to distinguish between interest accrued on the tax obligation of the taxpayer-transferor, and interest accrued on the transferred funds recovered from the transferee by a creditor." *Id*. at 88–89. "Federal interest on a tax obligation accrues automatically . . . [and] is simply a part of the debt

owed by the taxpayer-transferor to the IRS, *see* § 6601(e), all of which may usually be collected from a fraudulent transferee to the extent of the amount fraudulently transferred." *Id*. at 89 (citing *Lowy*, 35 T.C. at 394). As a result, there is no need to consult state law where the value of the transferred assets is *more* than the transferor's total tax liability. "[F]or example, if the taxpayer owes $100 in taxes, upon which $30 in interest accrues, and the taxpayer then fraudulently transfers $150 to a transferee, the IRS can certainly recover a judgment of no less than $130 against the transferee." *Id*. "Therefore, where the assets in the hands of the transferee [are] 'more than ample to discharge the full Federal liability of the transferor (including interest),' there [is] no need to resort to state-law interest principles to make the IRS whole."[3] *Id*. at 92 (quoting *Lowy*, 35 T.C. at 397).

We agree with the First Circuit's reasoning in *Schussel* and the tax court's decision in *Lowy*, and hold that because the value of assets transferred from West Side to Tricarichi is *more* than West Side's total federal tax liability, the federal Internal Revenue Code determines Tricarichi's pre-notice interest liability, and there is no need to consult state law regarding such interest.

Despite acknowledging the above case law, Tricarichi argues that the pre-notice interest here must be determined under Ohio law, which purportedly would immunize him from liability for any pre-notice interest. Emphasizing the

---

[3] In the particular facts of *Schussel*, "the IRS would not be made whole by recovering the funds transferred to [the transferee] because [the transferor's] debt, including penalties and interest, was larger than the amount transferred." 758 F.3d at 92. As such, the First Circuit remanded to the tax court to apply the proper standard—i.e., the "simple rule" stated previously—"with any prejudgment interest assessed above the amount transferred calculated at the Massachusetts rate." *Id*. at 94.

Supreme Court's holding that "the existence and *extent* of [transferee] liability should be determined by state law," *Stern*, 357 U.S. at 45 (emphasis added), Tricarichi contends that state law should determine pre-notice interest because it affects the "extent" of transferee liability.

However, contrary to Tricarichi's contention, our decision here is consistent with *Stern*. Under *Stern*, the Ohio UFTA determines the "existence and extent" of Tricarichi's transferee liability. 357 U.S. at 45. In turn, the Ohio UFTA generally limits the extent of the IRS's recovery, like any other creditor's, to "the value of the asset transferred . . . or the amount necessary to satisfy the claim of the creditor or agency, whichever is less." Ohio Rev. Code Ann. § 1336.08(B)(1). But, it is the federal Internal Revenue Code—not state law—that determines the amount of the IRS's underlying "claim," which includes the tax deficiency, applicable penalties, and statutory interest. *See Lowy*, 35 T.C. at 395–97. Because "the value of the asset[s] transferred" from West Side to Tricarichi is *more* than "the amount necessary to satisfy the [IRS's] claim," Ohio law allows the IRS to recover the full extent of its claim for West Side's tax liability, including pre-notice interest accrued on the tax deficiency as determined under federal law.[4] Ohio

---

[4] In contrast, if Tricarichi had received assets worth *less* than the amount of the IRS's claim, then the extent of the IRS's recovery under Ohio Rev. Code Ann. § 1336.08(B)(1) would have been limited to the value of the assets transferred, and the IRS would have to look to other provisions of Ohio law to attempt to recover any interest in excess of that amount. Such interest would not be federal pre-notice interest under the Internal Revenue Code, but rather whatever interest is available under state law, such as pre-judgment interest or interest allowed as a matter of equity. *See, e.g.*, Ohio Rev. Code Ann. § 1336.08(B)(2) (providing that the amount of judgment may be "subject to adjustment as the equities may require").

Rev. Code Ann. § 1336.08(B)(1).    Notably, the above decisions we join today all post-date *Stern* and did not adopt Tricarichi's contention that using federal law to determine pre-notice interest always conflicts with *Stern*.    *See, e.g.*, *Schussel*, 758 F.3d at 92 (noting that its holding "is consistent with *Stern*'s mandate"); *Estate of Stein*, 37 T.C. at 961 (relying on *Stern*); *Lowy*, 35 T.C. at 395–97 (relying on *Stern*).

## III.  CONCLUSION

In sum, the tax court properly held that because Tricarichi received transferred assets worth *more* than West Side's total federal tax liability, the federal Internal Revenue Code determines pre-notice interest, and the availability of interest under state law is irrelevant.    Accordingly, the tax court properly ordered that Tricarichi was liable for pre-notice interest of almost $13.9 million.

**AFFIRMED.**